## TOLBERT et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. January 13, 1926.)

No. 2411.

1. Witnesses ⬅228—Where only question in controversy was whether persons were trying to bribe accused or whether he was demanding money for not informing against them for violating National Prohibition Act, it was permissible for witnesses to tell story so as to make clear sequence of events (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

Where only important question of fact in prosecution for conspiring to demand money for not informing against violators of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) was as to whether the persons were trying to bribe accused or whether he was seeking to extort money from them, it was within discretion of trial judge to permit witnesses to so tell their story as to make clear the sequence of events as they knew of them.

2. Criminal law ⬅823(2)—Instruction thrice warning jury that defendants were interested parties, and to consider evidence accordingly, held not improper in view of further instruction.

Instruction thrice cautioning jury to remember, in considering defendants' evidence, that they were vitally interested, while overemphasized, was not improper in view of last minute instruction that it was duty of court to call attention to fact that defendants were interested, but jury could believe their testimony or part of it.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Edwin Y. Webb, Judge.

Leslie M. Tolbert and another were convicted of conspiring to demand money for not informing against persons for violation

of the National Prohibition Act, and they bring error. Affirmed.

C. G. Wyche, of Greenville, S. C. (Dean, Cothran & Wyche, of Greenville, S. C., on the brief), for plaintiffs in error.

Henry K. Osborne, Asst. U. S. Atty., of Spartanburg, S. C. (Joseph A. Tolbert, U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Before WADDILL, ROSE and PARKER, Circuit Judges.

ROSE, Circuit Judge. Leslie M. Tolbert and Conrad W. Norris, the plaintiffs in error here, were defendants below, and it will make for ease of understanding so to describe them. They, together with a third person, one Wright, who was found not guilty, were tried for conspiring to demand money for not informing against named and unnamed persons for violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). They were convicted. Tolbert until the end of the year 1924 was a prohibition agent. Neither Norris nor Wright was in government employ, but they seem habitually or occasionally to have accompanied Tolbert upon his official investigations or raids. In the month of December of the year named, they discovered an illicit still on land belonging to one Captain Gibert but occupied by certain negro tenants of his. Some of these negroes were in the immediate vicinity at the time the still was found and others lived near by. None of them was actually put under arrest by Tolbert. He does not deny that early in January after he was out of government employ he received money from one James Gibert, a son of the owner of the land, and that he supposed Gibert was giving it to him to induce him not to make any charge against the negroes. He says, however, that from the first he believed that James Gibert was the real operator of the still and that the negroes were nothing more than his tools, that he did not immediately put them under arrest because he was hopeful that he could secure evidence against James Gibert, and that when some of them began, as he alleges they did, to ask him whether he would not take money to drop the case and said they could get it from Mr. Gibert, he encouraged them to believe that he would accept it in order that by so doing he might make a case of bribery or attempted bribery against Gibert. On the other hand, the government contended that Tolbert and Norris were the first to mention money and pressed the negroes to obtain it, and that the latter reported the matter to the Giberts, who after bringing it to the attention of accessible state and federal judges, and other officials, carried through the negotiations with the defendants until the money was actually paid to Tolbert in the presence of witnesses whom he did not know were about. It is admitted that he was then immediately put under arrest.

[1] The only two assignments of error now relied upon relate first to the admission of certain testimony over the objection of the defendants and to a passage in the charge of the court. From what has already been said, the only important question of fact in controversy was as to whether the negroes and the Giberts were trying to bribe Tolbert not to do his duty, or whether he and Norris were seeking to extort money from them. Under these circumstances, we think it was quite within the discretion of the trial judge to permit the witnesses on each side so to tell their story, as to make clear the sequence of events as they knew of them. The negroes or all of them who were accessible testified as to the demands for money made upon them by the defendants. We do not see that any harm was or could have been done by allowing Albert Gibert, when on the stand, to testify that three days after the defendants found the still the negroes came to him and asked him to lend them $200 upon mortgage of some of their stock so that they could make up $300 which the defendants had demanded to drop the case. All this was followed up with testimony showing precisely what the Giberts did in consequence of this communication, all of which as has been already stated culminated in the arrest of the defendants.

[2] The only other assignment of error relied upon was to a portion of the charge of the learned judge below in which he told the jury: "The defendants have testified in this case, but it is the duty of the court to tell the jury to scrutinize their testimony with care, remembering that they are interested in the case. It is your duty when you make up your verdict to take into consideration their manner of testifying, the reasonableness or unreasonableness of their story, remembering they are vitally interested. After you have done that, you can do what you want, you may believe all of it, part of it or none of it. The question of their veracity is entirely for you but under the instructions you remember that they are the defendants in this case."

In the light of authorities too numerous and too well known for citation, no single

statement made by the learned judge, standing by itself, is open to challenge. A defendant is an interested witness and it is always the right, and, as the Supreme Court has said, it is sometimes the duty, of the judge to call the attention of the jury to that fact. The only possible criticism which can be made of what was said is that by the thrice giving of the caution, it was over emphasized. It was, however, a part of a long carefully balanced and otherwise admittedly fair charge, and if there had been any danger that the jury might have doubted their right to give to defendants' testimony whatever weight they felt it should have, it was, we think, clearly removed when as a result of discussion with counsel the judge at the very moment the jury were about to retire and as the last word he said to them told them: "It is the general law that it is the duty of the court to call attention to the fact that the defendants are interested in the result of your verdict and that you should scrutinize their testimony, but that you can believe it all, or none of it, or part of it."

Affirmed.